# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00126-CV

**Albert F. Peralta, Appellant**

**v.**

**PS LPT Properties Investors, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-10-009518, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In February 2002, Appellant Albert F. Peralta leased storage space from appellee's predecessor. In July 2010, appellee served Peralta with a notice of eviction. When Peralta did not vacate as instructed, appellee filed a petition for eviction in the justice of the peace court seeking a judgment that appellee was entitled to possession of the property. Peralta filed pro se answers that seemed to assert that conditions at the storage facility were unsatisfactory and that appellee had not served him at his correct address. After a jury trial, the justice court signed a judgment granting possession to appellee and denying any other relief, including attorney's fees or court costs. Peralta appealed to the county court at law, complaining about appellee's method of service and stating that he was not using the premises for living quarters and did not owe any rent. Following a bench trial, the court signed a final judgment of eviction in appellee's favor, granting appellee possession of the

premises. Peralta appealed, and appellee filed a motion to dismiss asserting that we lack jurisdiction under the property code. *See* Tex. Prop. Code Ann. § 24.007 (West 2000). We agree.

Under the property code, a county court's final judgment of eviction "may not be appealed on the issue of possession" unless the premises are being used solely for residential purposes. *Id*. Peralta's contract expressly states that the space was to be used for storage of personal property and not for other purposes, including habitation, and in his court filings, Peralta stated that he only used the space for storage purposes. The judgment signed by the county court addresses only who is entitled to possession of the premises, and there is no basis in the record to believe that the property might have been used as a residence. On this record, there are no issues that would allow this Court to exercise jurisdiction over the proceeding. We therefore dismiss the appeal for want of jurisdiction. *See id.*; *Roberts v. Leedy*, No. 13-08-00604-CV, 2011 Tex. App. LEXIS 2855, at *8-9 (Tex. App.—Corpus Christi Apr. 14, 2011, no pet.); *Salvagio v. Capital Farm Credit, FCLA*, No. 03-10-00502-CV, 2010 Tex. App. LEXIS 9042, at *2 (Tex. App.—Austin Nov. 12, 2010, no pet.); *Schuring v. Kingwood Horsemen's Ass'n*, No. 01-08-00760-CV, 2009 Tex. App. LEXIS 5752, at *3-4 (Tex. App.—Houston [1st Dist.] July 23, 2009, pet. dism'd).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed: June 30, 2011

2